1825.

Ratcliff
vs
Daniel

plaintiff excepted; and the verdict and judgment being against him; he appealed to this court.

The case was argued before BUCHANAN, Ch. J. MARTIN, STEPHEN, and ARCHER, J.

*Speed*, for the Appellant, contended; 1. That an attachment might be laid to attach a debt in litigation. He referred to *Serg. Law of Attach.* 69, 70; 72. 5 *Jacob's L. D.* 490; and *Bull. N. P.* 53.

2. That judgment of condemnation should at least have been rendered for the amount confessed in the appellee's letter to be due to *Griffith*, (viz. $284 44,) and not contested in the injunction bill.

*Magruder* and *R. Johnson*, for the Appellee, stated, that although it was set out in the plaintiff's affidavit that he was a citizen of this state at the time of issuing the attachment, that fact should have been proved at the trial under the plea of *non assumpsit*. They cited *Shivers vs. Wilson*, 5 *Harr.* and *Johns.* 130.

BUCHANAN, Ch. J. The court affirm the judgment on the authority of *Shivers vs. Wilson*, there being no proof in the record that the plaintiff was a citizen of this state; or of any of the *United States*.      JUDGMENT AFFIRMED.

---

JUNE.

RATCLIFF *vs.* DANIEL.

D, on the 1st of January 1819, rented a parcel of land to M for one year, and so from year to year, at an annual rent of $160, to be paid half yearly. It was proved that R occupied the premises in the years 1819, 1820 and 1821, and that he so occupied the premises in 1821, under a contract with D, for the same rent, and on the same terms. In September 1820, D claiming $240 for rent in arrear on the 1st of July 1820, distrained the property of R. It was also proved that R paid $88 to D on the 18th of May 1821, and $50 on the 18th of August 1821, that R made no application of the first payment, but applied the last payment to his own debt, and then said he owed a part of the rents—*Held*, that the property of R, found on the premises at the time of the distress, was liable for the rent of 1819; and that the payment made on the 18th of May 1821, must be applied to the rent becoming due after the distress in September 1820.

APPEAL from *Charles* county court. This was an action of replevin. The defendant, (now appellee,) avowed the taking of the goods and chattels in the place, &c. being a parcel of land called *The Mill Lot*, of which he was seized in his demesne as of fee; and stating that it was agreed between him, and one *William Murdock*, on the 1st of January 1819, that *Murdock* should enter and occupy the premises for one year from that day, and also from year to year so long as it should please both parties, *Murdock* paying therefor yearly and every year $160, in half yearly payments of $80, on the 1st of July and 1st of January. That in virtue of said agreement, the plaintiff, (the appellant,) by the authority and for the use of *Murdock*, en-

tered into the premises, and occupied the same for one year and a half, ending on the 1st of July 1820; and because the sum of $240 of the rent was in arrear and unpaid, the defendant avows the taking of the goods, &c. The plaintiff pleaded that no rent was in arrear, &c.

At the trial the defendant proved by *Joseph Turner*, a competent witness, that he, as agent for the defendant, contracted with a certain *William Murdock* for the rent of *The Mill Lot* belonging to the defendant, for the year 1819, he agreeing to pay therefor the sum of $160, one half on the 1st of July, and the balance on the 1st of January following, and so from year to year so long as they should please. It was also proved that the plaintiff occupied the premises in the years 1819, 1820 and 1821. The plaintiff then prayed the court to instruct the jury, that the plaintiff's property found on the premises at the time of the distress was not liable for the rent of 1819. Which opinion and instruction the court, [*Stephen*, Ch. J. and *Plater* A. J.] refused to give; but were of opinion, and instructed the jury, that it was liable. The plaintiff also proved payment to the defendant of $88 on the 18th of May 1821, and $50 on the 18th of August 1821. It was also proved, that when the payments were made by the plaintiff, he made no application of the payment in May 1821, but applied the payment of August 1821 to his own debt, and further said, that he owed a part of the rents. It was also proved that the plaintiff contracted for *The Mill Lot*, and occupied it at the same rent, and on the same terms in 1821. The defendant then prayed the court to instruct the jury, that the payment made on the 18th of May 1821, must be applied by them to the rents becoming due after the distress which was made in September 1820. Which instruction the court gave. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The case was submitted without argument, to the court, [BUCHANAN, Ch. J. EARLE, MARTIN, STEPHEN, ARCHER, and DORSEY, J.] by

*Stonestreet*, for the Appellant, and

*Stone*, for the Appellee.

· JUDGMENT AFFIRMED.